UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEW JERSEY

U.S. COURTHOUSE
402 E. STATE STREET
TRENTON, NEW JERSEY 08608

Hon. Michael B. Kaplan                                                                                                                     609-989-0478
United States Bankruptcy Judge                                                                                                     609-989-2259 Fax

January 6, 2010

Richard D. Trenk, Esq.
Adam D. Wolper, Esq.
347 Mount Pleasant Avenue, Suite 300
West Orange, N.J. 07052
Attorneys for Ovidio Valentin, Plaintiff

Ann Nash, Esq.
U.S. Department of Justice
P.O. Box 227
Washington, D.C. 20044
Attorney for Defendant, Internal Revenue Service


        Re:    Valentin v. Internal Revenue Service, et al.
                Ad. Pro. No.: 08-2413

Dear Counsel:

        The Court has heard oral arguments and has reviewed the submissions filed in the above referenced matter.  The Court issues the following ruling:

        The Court has jurisdiction over this contested matter under 28 U.S.C. §§ 1334(a) and 157(a) and the Standing Order of the United States District Court, dated July 10, 1984, referring all bankruptcy cases to the bankruptcy court.  This matter comes before the Court by way of a Motion for Summary Judgment by Defendant, Internal Revenue Service ("IRS") as well as a Cross-Motion for Summary Judgment filed by the Plaintiffs.  A hearing on the Motion and Cross Motion was held October 26, 2009.

        Briefly, the facts are as follows: Ovidio Valentin (the "Debtor") is a full-time police officer for the City of Newark, N.J.  In 1995, the Debtor started a business under the name Dynamic Pallet ("Dynamic") which operated out of Newark, N.J.  Dynamic was in the business of repairing pallets and then selling them to warehouses, manufacturers, and other pallet companies. Dynamic's location consisted of a yard where the pallets were built, a slab, and a trailer where the office was located.  When

the Debtor started Dynamic in 1995, it had between one and three employees: the Debtor, his wife, Mayra Valentin and his brother, Nelson Valentin.

Mayra worked in Dynamic's office answering phones and taking deliveries. Nelson worked full time at Dynamic for five or six years from the time Dynamic opened, until it closed sometime in 1999 or 2000. In 1997, the Debtor began to hire migratory workers which he treated as independent contractors. Valentin paid himself, Mayra, and Nelson by using ADP payroll services. He paid the workers by cashing checks made out to himself, or his brother, from Dynamic and then paying the workers in cash. They were paid in this manner, inasmuch as the workers did not have valid identification necessary to cash the paychecks. Additionally, the workers were paid per pallet, and preferred not to have taxes taken out of their pay.

The IRS audited the Debtor's employment tax liabilities for the last three quarters of 1995, and all quarters of 1996 and 1997. The IRS determined that FICA and FUTA taxes should have been withheld and paid over for Nelson for all quarters, as well as for the workers for all quarters in 1997. In addition, the IRS assessed FICA taxes for the liabilities related to Dynamic for the last three quarters of 1995, and all four quarters of 1996 and 1997, and FUTA taxes for the liabilities related to Dynamic for years 1995 through 1997. With respect to the Debtor and his wife, the IRS assessed federal income taxes for years 1995 through 1999, 2002 through 2005 and 2007.

On September 3, 2008, the Debtors filed a voluntary petition under Chapter 11 of the United States Bankruptcy Code. On September 19, 2008 the IRS filed a proof of claim for pre-petition federal income, employment, and unemployment taxes and related interest and penalties in the amount of $921,251.17. The proof of claim contained FICA liabilities related to Dynamic for all quarters from 1995 to 2008. On October 2, 2008, the IRS filed an amended proof of claim for pre-petition federal income, employment, and unemployment taxes and related interest and penalties in the amount of $542,769.61, of which $536,038.10 is secured, $3,483.47 is unsecured priority, and $3,248.04 is an unsecured general claim. The amended proof of claim eliminated the FICA liabilities for periods after 1997. It contains claims for FICA taxes for the last three quarters of 1995, and all four quarters of 1996 and 1997, FUTA taxes for years 1995 through 1997, and federal income taxes for years 1995 through 1999, 2002 through 2005 and 2007.

On October 6, 2008, the Debtor commenced an adversary proceeding against the IRS to determine, among other things, their federal tax liability pursuant to 11 USC §§ 105 and 505, to object to the proofs of claim filed by the IRS and to determine the amount of the secured status of the IRS. The parties cross-moved for summary judgment. For the reasons set forth below, both the Motion and

Cross- Motion are denied.

As the Supreme Court has indicated, "Summary Judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather an integral part of the Federal Rules as a whole which are designed to secure the just, speedy and inexpensive determination of every action." Celotex Corp. v. Catrett, 477 U.S. 317, 327 (1986). The proper inquiry of the court in connection with a motion for summary judgment "is the threshold inquiry of determining whether there is the need for a trial-whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986). Summary judgment is not appropriate, however, "if a disputed fact exists which might affect the outcome of the suit under the controlling substantive law." Josey v. John R. Hollingsworth Corp., 996 F.2d 632, 637 (3d Cir.1993).

The Court's review of the pleadings and arguments reveals several genuine issues of material fact in this matter, barring resolution by summary judgment. Central to the resolution of this matter is a determination of whether the workers were employees or independent contractors which is an ultimate question of fact. See In Re Borne Chemical Company, Inc., 16 B.R. 514 (Bankr. D.N.J. 1981). Each of the parties arguments turns on this determination which is a highly fact-intensive inquiry. See Harris v. Hershey Medical Center, 2009 WL 276732 (M.D. Pa. 2009).

Other issues that require further factual development are whether the taxes that were assessed were calculated at the correct rate, whether the penalties assessed against the Debtors are entitled to priority and whether the Debtors are entitled to Section 530 relief from employment tax liabilities. Moreover, a fair reading of the record provides little clarity and considerable confusion regarding which party has the burden of proof. Thus, the Court is precluded from entering judgment as a matter of law. An appropriate Order shall be entered by the Court.

Very truly yours,

*Michael B. Kaplan*
Honorable Michael B. Kaplan
United States Bankruptcy Judge